Gilbert Rodriguez, Fed.Reg.#16802-081
Federal correctional Institution
(FCI) Terminal Island; P.O. Box 3007
San Pedro, CA 90733
   Defendant/Petitioner "Pro Se"

FILED US District Court-UT
OCT 08 '20 PM03:29

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:10-cr-00015-DAK |
| | ) | |
|   Plaintiff/Respondent, | ) | MOTION FOR REDUCTION |
| | ) | OF SENTENCE, PURSUANT |
| | ) | TO THE FIRST STEP ACT |
| v | ) | OF 2018; 18 U.S.C. 3582(c)(2) |
| | ) | AND RETROACTIVE |
| | ) | AMENDMENT 782 U.S.S.G. |
| Gilbert Rodriguez, | ) | 2D1.1; |
| | ) | |
|   Defendant/Petitioner. | ) | DECLARATION OF PETITIONER; |
| | ) | CERTIFICATE OF SERVICE. |

COMES NOW, Defendant Gilbert Rodriguez ("Petitioner"), a concerned federal prisoner

uneducated in law, proceeding indigent without assistance of counsel, and hereby respectfully

moves this Honorable Court for reduction of sentence pursuant to the First Step Act of 2018;

18 U.S.C. 3582(c)(2) and retroactive Amendment 782 to the United States Sentencing Guidelines

"U.S.S.G." 2D1.1.

The substance of sentence reduction under the First Step Act are issues that were not reasonably

foreseeable by the sentencing court at the time of sentencing. See First Step Act of 2018. Id. In support,

please review the following.

1

BACKGROUND

The Petitioner was indicted in the United States district court for the district of Utah on conspiracy

with intent to distribute methamphetamine, in violation of 21 U.S.C. 846, 841(a)(1) and 841(b)(1)(A).

Thereafter, the Petitioner plead guilty and accepted responsibility to his role in the offense pursuant to

Federal Rules of Criminal Procedure ("Fed.R.Crim.P."), Rule 11(c)(1)(C) Plea Agreement. See

Criminal Docket Report; Case No. 1:10-cr-00015-DAK (hereinafter Docket).

Court documents reveals the Pre Sentence Investigation Report (PSI or PSR); at the change

of Plea hearing on January 05, 2011, and the March 16, 2011 sentencing hearing transcripts shows

the 2010 Sentencing Guidelines were used to determine a One Hundred and Eighty months sentence.

See  Docket Id.

RETROACTIVE AMENDMENT 782 U.S.S.G.

In November of 2014, the United States Sentencing Commission made Amendment 782 U.S.S.G.

retroactively applicable to most drug offenses. See Id. On July 17, 2015, the Petitioner had been

contacted by the office of the Federal Defenders for the District of Utah concerning a possible "two"

point reduction. But the Federal Defenders stated they were awaiting the outcome of a similar

Rule 11(c)(1)(C) case before filing an Amendment 782 motion on behalf of the Petitioner.

On November 05, 2015, the Federal Defenders sent a letter to the Petitioner advising that

an alleged "Pro Se" motion for a sentencing reduction under Amendment 782 was denied November

05, 2015. See Docket Id.

The Federal Defenders stated a strict filing deadline to undergo a Pro Se appeal. The Petitioner

has never filed a Pro Se motion under Amendment 782, but the Petitioner complied with the direction

of the Federal Defenders anyway and filed a Pro Se appeal. Thereafter his appeal was subsequently

denied. See Docket Id.

2

On July 20, 2020, the Petitioner attempted to correspond with the Federal Defenders office in the district of Utah raising the facts presented herein, combined with a newly discovered Tenth Circuit precedent regarding applicability of retroactive Amendment 782 U.S.S.G. And Rule 11(c)(1)(C) plea agreements. But for reasons unknown to the Petitioner, the Federal Defenders never responded. <u>See</u> Appendix Id.

<u>APPLICABILITY OF THE FIRST STEP ACT OF 2020</u>

The Petitioner presents the instant motion for a sentence reduction pursuant to the First Step Act of 2018 combined with retroactive Amendment 782 U.S.S.G. 2D1.1, and newly discovered evidence of Tenth Circuit precedent: <u>United States v. Jordan,</u> 2017 U.S. App. LEXIS No. 16-3084 (10th Cir. 04-18-2017) regarding applicability of Amendment 782 to Fed.R.Crim.P., Rule 11(c)(1)(C) Plea Agreement. Id.

It is clear, the First Step Act of 2018 cedes jurisdiction to this sentencing court on issues not reasonable foreseeable by the sentencing court at the time sentence was pronounced. Id.

<u>RELIEF SOUGHT</u>

The Petitioner is held in custody at the Federal Correctional Institution in Terminal Island, California. This institution had over 70% Covid-19 infection with 10 deaths. <u>See</u> Covid -19 statistics at (FCI) Terminal Island. Id. At the beginning of the out-break, the Petitioner became extremely ill after contracting Covid-19, but subsequently overcame his illness. Hence, the Petitioner seeks a sentence reduction under the above applicable laws, and/or seeks appointment of counsel to properly present a motion to this court.

<u>CONCLUSION</u>

The Petitioner prays this Honorable court grants the relief sought herein, or whatever else this court deems appropriate under these circumstances.

3

## DECLARATION

I, Gilbert Rodriguez, federal registration number 16802-086 am the concerned defendant/petitioner in this cause, and I declare, certify, verify or state under penalty of perjury, pursuant to 28 U.S.C. 1746 that the information contained herein is true and correct.

EXECUTED, THIS THE ___5___ DAY OF OCTOBER, 2020; FROM (FCI) TERMINAL ISLAND, CALIFORNIA. 90731.

Gilbert Rodriguez, Fed. Reg. #16802-086
Federal Correctional Institution
(FCI) Terminal Island; P.O. Box 3007
San Pedro, CA  90733

4