# **APPENDIX**

Gilbert Rodriguez, Fed.Reg.No. 16802-081
Federal Correctional Institution
(FCI) Terminal Island; P.O. Box 3007
San Pedro, Ca. 90733

July 20, 2020

Federal Defender's
District of Utah
American Tower Plaza
46 West Broadway, Suite 110
Salt Lake City, Utah  84101

In Re: <u>U.S. v. Rodriguez</u>, 1:10-cr-00015-DAK

      Retroactive Amendment 782 "U.S.S.G." §2D1.1,
      18 U.S.C. §3582(c)(2); Newly Discovered Evidence.
      _____/

Dear Federal Defender,

    I, Gilbert Rodriguez am the concerned federal prisoner in this cause. I am
uneducated in law, currently serving one hundred and eighty months imprisonment,
pursuant to a Federal Rule of Criminal Procedure ("Fed.R.Crim.P."), Rule 11(c)(1)(C)
Plea Agreement for an alleged violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(A).
<u>See</u> Docket Report. Id.

PREJUDICIAL ERROR

    On July 17, 2015 your office provided a corresponding letter advising that
you were reviewing my case file to determine whether or not I would be eligible for
two level sentence reduction based upon retroactive Amendment 782 to the United
States Sentencing Guidelines "U.S.S.G." §2D1.1, pursuant to my Fed.R.Crim.P.,
Rule 11(c)(1)(C) Plea Agreement. Your office further provided a copy of United
States v. Freeman, 564 U.S. 522 (2011). <u>See</u> Attachment "A". Id.

    Within your July 15, 2020 ("Attachment 'A'") letter, your office stated: "we
have reviewed your case to determine whether, in our opinion, there is anything in
your 11(c)(1)(C) agreement that suggests the ultimate agreed upon sentence was based
on the Sentencing Guidelines." Id., paragraph 2.

        "In reviewing your 11(c)(1)(C) agreement, we determined that the only
        reference to the Sentencing Guidelines is found on page 4 of your
        Statement in advance of guilty plea that mentions the government's
        agreement to a reduction for acceptance of responsibility... . Id.,
        paragraph 3.

//

-1-

It had been further stated:

> "Specifically, we feel that because this is the only reference to
> Guidelines it will not be enough for the court to grant you the two-
> level reduction. However, we currently have a case pending involving
> a similar issue. I would ask you to bear with us until we receive a
> decision in that case so that we can better assess your case...".

See Attachment Id.

The prejudicial effect occurred in my case when on November 05, 2015, the
District Court denied my alleged "Pro Se" motion for a sentence reduction without
my knowledge that an Amendment 782 motion had even been filed. See Attachment "B"
Id., and compare to Docket 97. Id.

On the first page of Attachment "B", it had been your office that sent a
letter dated November 05, 2015 informing me that the "court denied 'your' 'Pro Se'
motion for sentence reduction pursuant to Amendment 782... A copy of that order
is attached. ". See Attachment "B". Id.

Purposed order of the court:

> "...under controlling concurrence in United States v. Freemen, 131 S.Ct.
> 2685, 2690, 2692-93 (plurality), if the defendant pleaded guilty under
> Fed.R.Crim.P. 11(c)(1)(C), agreeing to a particular sentence, the
> Amendment 782 reduction may NOT APPLY. As long as the defendant's
> sentence did not rest on the applicable guideline range, but on an
> express stipulation in the Plea Agreement, pursuant to Rule 11(c)(1)(C),
> as to the final sentence that was not tied to a particular guideline
> range, a motion for a sentencing reduction should be denied."

See Attchment "B". Id.

Your office's November 05, 2015 (Attachment "B") letter stated: "... you have
the right to appeal, and a Notice must be filed within 14 days from the date of the
order... ". Attachment "B". Id.

## APPEAL

Court document(s) will reveal that I never filed a "Pro Se" motion for a
sentencing reduction pursuant to retroactive Amendment 782 U.S.C.G.. I had been
waiting for your office as I was directed by your July 17, 2015 (Attachment "A")
letter. Nor did the District Court make clear that the alleged "Pro Se" motion
was denied with or without prejudice as reflected in the court order:

> "... a motion for a sentencing reduction should be denied." See District
> Court order. Attachment "B" Id.

//

However, I fully complied with your November 05, 2015 (Attachment "B") directions, and filed a timely Notice of Appeal, and thereafter sent your office a letter showing my compliance, and requested a copy of my court document(s) to assist in my appellate process. See Attachment "C". Id.

Then, I discovered that my Pre sentence Investigation Report ("PSI"), and the Change of Plea hearing transcripts (January 05, 2011), and the Sentencing hearing transcripts (March 16, 2011) all used the 2010 United States Senetencing Guideliens to dertermine the "180 month" sentence in my Fed.R.Crim.P., Rule 11 (c)(1)(C) Plea Agrement. See PSI, Change of Plea hearing Transcripts, and Sentencing hearing transcripts. Id.

**NOTE:** I have copies of these transcripts upon you request.

These District Court document(s) makes clear that I did qualify for the minus two-point sentence reduction pursuant to the retroactive Amendment 782 U.S.S.G. §2D1.1 relief through a properly filed 18 U.S.C. §3582(c)(2) motion.

### ADDITIONAL PREJUDICE ON APPEAL

Since these facts were not originally presented in the District Court, was the reason "WHY" the tenth Circuit denied my appeal and affirmed the District Court's denial. See Docket Id.

My substantial right have been compromised and prejudice must be presumed when court document(s) will reveal that I never filed a "Pro Se" motion for a sentence reduction, combined with the District Court's vague denial: "a motion for a sentence reduction **should** be denied". See Attachment "A", "B", and compare to Attachment "C".

### NEWLY DISCOVERED EVIDENCE

Through assistance of fellow inmates, I recently discovered a Tenth Circuit case: United States v. Jordan, 2017 U.S. App. LEXIS 6581 No. 16-3084 (10th Cir. April 18, 2017). See Attchment "D". Id.

This Jordan case is right on point with my Fed.R.Crim.P., Rule 11(c)(1)(C) Plea Agreement and had been decided during the pendancy of my appeallate process. I don't know if this was the case your office had been waiting for as stated in your July 17, 2015 (Attachment "A") letter, but I believe it is applicable to my case requiring appropriate relief.

Thus, my family and I are in grave need of assistance as I do not know how to proceed in the District Court. Could you please respond A.S.A.P. to share your thoughts. I have also attached (CJA) Form 23 "Financial Affidavit", and consent forms to inquire in to my case. I thank you for your time and concern.

Sincerely,

Gilbert Rodriguez, Fed.Reg.No. 16802-081

-3-

# Federal Public Defender
## District of Utah

Kathryn N. Nester
Federal Public Defender

Carlos A. Garcia
Wendy M. Lewis
Kristen R. Angelos
Robert K. Hunt
Jamie Zenger
Vanessa M. Ramos
Audrey K. James
Benjamin C. McMurray
L. Clark Donaldson
Robert L. Steele

American Towers Plaza
46 West Broadway, Suite 110
Salt Lake City, UT 84101
Phone: (801) 524-4010
Fax: (801) 524-4060

Scott Keith Wilson
First Assistant

Kent R. Hart
Benjamin A. Hamilton
Daphne A. Oberg
Bretta Pirie
Spencer W. Rice
Natalie A. Benson
Adam G. Bridge
Jessica Stengel
Tamara Theiss
Alexander Enrique Ramos

July 17, 2015

Gilbert Rodriguez
Register No: 16802-081
Terminal Island FCI
P.O. Box 3007
San Pedro, CA 90731

   Re: *U.S. v. Gilbert Rodriguez*
     *Case No. 2:10:-cr-00015 DAK*

   Our office has been reviewing your file to determine whether or not you are eligible for a two-level reduction based on the recent changes to the drug quantity table as a result of Amendment 782. Your case is unique in that you entered into an 11(c)(1)(C) agreement with the government. Individuals who entered into such an agreement are subject to different eligibility standards than those whose sentences were based exclusively on the Sentencing Guidelines. Specifically, unless it is clear that the 11(c)(1)(C) agreement you entered into was based upon a particular range based on the Sentencing Guidelines then you will not be eligible for a reduction. In other words, individuals who entered into an 11(c)(1)(C) agreement are automatically prohibited from receiving the two-level reduction unless they can show that the agreement was based on the Sentencing Guidelines.

   We have reviewed your case to determine whether, in our opinion, there is anything in your 11(c)(1)(C) agreement that suggests the ultimate agreed upon sentence was based on the Sentencing Guidelines.

   In reviewing your 11(c)(1)(C) agreement, we determined that the only reference to the Sentencing Guidelines is found on page 4 of your Statement in Advance of Guilty Plea that mentions the government's agreement to a reduction for acceptance of responsibility. Unfortunately, we do not believe this language is strong enough, as it stands, to meet the standard established in *United States v. Freeman* which requires that an 11(c)(1)(C) agreement expressly use a sentencing range to establish a term of imprisonment. Specifically, we feel that because this is the only reference to the Guidelines it will not be enough for the Court to grant you the two-level reduction. However, we currently have a case pending involving a similar

issue. I would ask you to bear with us until we receive a decision in that case so that we can better assess your case. Lastly, I have attached a copy of the *Freeman* opinion for your review and records.

Based on this, we have determined that your 11(c)(1)(C) agreement is not based upon the Sentencing Guidelines. It is based on this determination that we unfortunately cannot file a motion to reduce your sentence pursuant to Amendment 782.

I would like you to know that there are many individuals in your situation who are attempting to fight the current restrictions for those with an 11(c)(1)(C) sentence. If *anything* changes I will contact you immediately.

I am sorry I could not provide you with good news.

Sincerely,

ALEXANDER E. RAMOS
Assistant Federal Defender

Enclosure

AER/sm

2

# Federal Public Defender
## District of Utah

Kathryn N. Nester
Federal Public Defender

Carlos A. Garcia
Wendy M. Lewis
Kristen R. Angelos
Robert K. Hunt
Jamie Zenger
Vanessa M. Ramos
Audrey K. James
Benjamin C. McMurray
L. Clark Donaldson
Robert L. Steele

American Towers Plaza
46 West Broadway, Suite 110
Salt Lake City, UT 84101
Phone: (801) 524-4010
Fax: (801) 524-4060

Scott Keith Wilson
First Assistant

Kent R. Hart
Benjamin A. Hamilton
Daphne A. Oberg
Bretta Pirie
Spencer W. Rice
Natalie A. Benson
Adam G. Bridge
Jessica Stengel
Tamara Theiss
Alexander Enrique Ramos
Elizabeth Bennion

November 5, 2015

Gilbert Rodriguez
Inmate No. 16802-081
FCI TERMINAL ISLAND
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 3007
SAN PEDRO, CA  90731

Dear Mr. Rodriguez:

I'm writing to inform you that the Court denied your Pro Se Motion for sentence reduction pursuant to Amendment 782. A copy of the Court's Order is attached.

You have the right to an appeal, and a notice must be filed within 14 days from the date of the Order. If you wish to file an appeal, you should send a Notice of Appeal, which can be a simple letter stating your desire to appeal to the United States District Court for the District of Utah, 351 S. West Temple Room 1.100, Salt Lake City, Utah 84101.

Regards,

*Jamie Zenger*

JAMIE ZENGER
Assistant Federal Public Defender

Enclosure

AO 247 (Rev. 11/11)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Utah

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| Gilbert Rodriguez | ) |
| | ) Case No:  1:10-CR-00015-003-DAK |
| | ) USM No:  16802-081 |
| Date of Original Judgment:           03/16/2011 | ) |
| Date of Previous Amended Judgment: | ) Jamie Zenger |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the motion is:
  ☑ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months is reduced to _____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

Under the controlling concurrence in United States v. Freeman, 131 S.Ct. 2685, 2690, 2692-93 (plurality), if the defendant pleaded guilty under Federal Rule of Criminal Procedure 11(c)(1)(C), agreeing to a particular sentence, the Amendment 782 reduction may not apply. As long as the defendant's sentence did not rest on the applicable guideline range, but on an express stipulation in the plea agreement, pursuant to Rule 11(c)(1)(C), as to the final sentence that was not tied to a particular guideline range, a motion for a sentencing reduction should be denied.

Except as otherwise provided, all provisions of the judgment dated      03/16/2011      shall remain in effect.
IT IS SO ORDERED.

Order Date:           11/05/2015                           _____
                                                                                    *Judge's signature*

Effective Date: _____           Honorable Dale A. Kimball, Senior U.S. District Judge
              *(if different from order date)*                          *Printed name and title*

Gilbert Rodriguez, Fed.Reg.No. 16802-081
Federal Correctional Institution
(FCI) Terminal Island
P.O. Box 3007
San Pedro, Ca. 90733

November 15, 2015

FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
AMERICAN TWERS PLAZA
46 WEST BROADWAY, SUITE 110
SALT LAKE CITY, UT. 84101

In Re: <u>USA v. Rodriguez</u>, 2:10-cr-00015-DAK (USDC UTAH)

     NOTICE OF APPEAL FILED NOVEMBER 16, 2015,
     PURSUANT TO YOUR LETTER DATED NOVEMBER 05,
     2015, AND REQUEST FOR COURT DOCUMENT(S)
     AND CASE FILE ESSENTIAL FOR APPEAL.

                                               /

Dear Federal Defenders of Utah:

    Pursuant to your correspondence dated November 05, 2015, I filed my timely
notice of appeal in the District Court. However, there appears to be an error,
as the order you provided referances the denial of a "Pro Se" motion of defendant,
pursuant to 18 U.S.C. §3582, and I never filed such a motion ?

    Thus, could you please forward all court document(s) and my case file to the
address shown above so that I may attempt to evaluate other possible errors to
present for appeal.

    My family and I thank you for your time and concern, and look forward
towards your prompt response.

               Respectfully,

                          Gilbert Rodriguez, #16802-081

cc United States District Court,
   District of Utah attached to
   my notice of appeal.

## Civil Rights Actions

## Person Shot in Back by Cop Won't Have Day at SCOTUS

A police officer involved in a citizen shooting will avoid liability as the U.S. Supreme Court declined to hear the case against him (*Salazar-Limon v. City of Houston*, U.S., No. 16-515, *review denied* 4/24/17).

But Justice Samuel A. Alito Jr., joined by Justice Clarence Thomas, sparred with Justice Sonia Sotomayor, joined by Justice Ruth Bader Ginsburg, in opinions over the proper application of the summary judgment standard in excessive force cases.

Officer Chris Thompson shot Ricardo Salazar-Limon after a traffic stop. According to Thompson, the pair had struggled, and Salazar-Limon had begun to walk away. Ordered to stop, he instead reached for his waistband, Thompson said. Believing that he was going for a gun, Thompson shot Salazar-Limon, who was unarmed, in the back and he sustained crippling injuries.

The district court granted Thompson summary judgment in Salazar-Limon's excessive force case and the appeals court affirmed, saying that based on the totality of the circumstances Thompson acted reasonably to protect his own safety.

The petition for certiorari asked if it was appropriate to grant summary judgment just because the officer said the petitioner reached for his waistband, which was a disputed fact.

**Court's Role** Alito's concurrence in the denial of certiorari argued that circuit courts regularly look at "thin evidence" to decide if there is enough to survive a motion for summary judgment. The evidence in this case is thin, he said, because Salazar-Limon, didn't state in his deposition or an affidavit that he didn't reach for his waistband.

The Supreme Court doesn't "typically grant a petition for a writ of certiorari to review a factual question of this sort," Alito said. In any event, the lower courts "acted responsibly" and applied the correct the legal standard, he said.

Sotomayor argued in a dissent to the court's refusal to hear the case that summary judgment is only appropriate where there is no dispute over any material facts. The lower courts were required to look at the facts in the light most favorable to Salazar-Limon, she said. The only question they should have asked was whether Salazar-Limon reached for his waistband, she said. Because the parties disagree about this, summary judgment should have been precluded, Sotomayor wrote.

Even if Salazar-Limon didn't testify that he didn't reach for his waistband before he was shot, as the non-moving party he was entitled to the reasonable inference that he didn't, Sotomayor said.

"When a police officer claims that the victim of the use of force took some act that would have justified that force, and the victim claims he did not, summary judgment is improper," she said.

By Bernie Pazanowski

To contact the reporter on this story: Bernie Pazanowski in Washington at bpazanowski@bna.com

To contact the editor responsible for this story: Jessie Kokrda Kamens at jkamens@bna.com

*Full text at http://src.bna.com/obY*

## Sentencing

## Man Entitled to Sentence Reduction After Guidelines Change

A man convicted of possessing multiple kilograms of cocaine is entitled to a reduced sentence, the U.S. Court of Appeals for the Tenth Circuit held April 18 (*United States v. Jordan*, 2017 BL 125863, 10th Cir., No. 16-3084, 4/18/17).

Gregory Jordan pleaded guilty in 2009 and prosecutors recommended a sentence in line with federal guidelines. But that particular guidelines range was lowered in 2014.

The district court in Kansas, which had imposed a 14-year sentence within the parameters of the plea agreement, held that Jordan was not entitled to a reduction because the agreement did not explicitly state that his sentence was "based on" the guidelines.

The Tenth Circuit disagreed.

Under existing U.S. Supreme Court and Tenth Circuit precedent, it does not matter whether the plea agreement explicitly mentions that a sentence is "based on" the sentencing guidelines, the court held in an opinion by Judge Carlos F. Lucero. More important is whether the sentence is actually comparable to the guidelines for the relevant crime, which they were in this case, it said.

The Tenth Circuit cited precedent from the Second and Sixth circuits, which allowed defendants in similar cases to apply for sentence reductions.

Judge Robert E. Bacharach was also on the panel.

Federal circuit court opinions are typically heard by three-judge panels, but in this case only two judges signed on to the Tenth Circuit's decision. The reason? New U.S. Supreme Court Justice Neil M. Gorsuch was initially assigned to the three-judge panel, and he even sat in on the oral argument. Tenth Circuit practice allows the remaining judges to act as a quorum.

Office of the Federal Public Defender, Topeka, Kan., represented Jordan. The U.S. Attorney's Office, Topeka, represented the government.

By Jordan S. Rubin

To contact the reporter on this story: Jordan S. Rubin in Washington at jrubin@bna.com

To contact the editor responsible for this story: C. Reilly Larson at rlarson@bna.com

*Full text at http://www.bloomberglaw.com/public/ document/United_States_v_Jordon_No_163084_2017_ BL_125863_10th_Cir_Apr_18_2..*

## Hearsay

## No Relief for Defendant Who Got Served

A return of service was admissible evidence in a firearms prosecution, even though the serving officer died before trial, the U.S. Court of Appeals for the Ninth Circuit held April 21 (*U.S. v. Fryberg*, 2017 BL 131304, 9th Cir., No. 16-30013, 4/21/17).

COPYRIGHT © 2017 BY THE BUREAU OF NATIONAL AFFAIRS, INC.    CRL    ISSN 0011-1341

NITED STATES OF AMERICA, Plaintiff - Appellee, v. GREGORY D. JORDAN, Defendant -
Appellant.
UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
2017 U.S. App. LEXIS 6581
No. 16-3084
April 18, 2017, Filed

**Editorial Information: Prior History**

Appeal from the United States District Court for the District of Kansas. (D.C. No. 2:08-CR-20117-JWL-1).

**Counsel**     Daniel T. Hansmeier, Appellate Chief (Melody Brannon, Federal Public
Defender, and Carl Folsom, III, Assistant Federal Public Defender, with him on the briefs),
Office of the Federal Public Defender, Topeka, Kansas, for Defendant-Appellant.

     Jared S. Maag, Assistant United States Attorney (Thomas E.
Beall, Acting United States Attorney, with him on the brief), Topeka, Kansas, for
Plaintiff-Appellee.

**Judges:** Before LUCERO and BACHARACH, Circuit Judges.*

**Opinion**

**Opinion by:**     LUCERO

**Opinion**

**LUCERO**, Circuit Judge.

Under 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's term of imprisonment if it
was "based on a sentencing range that has subsequently been lowered by the Sentencing
Commission." This appeal requires us to address the "based on" requirement of § 3582(c)(2) in the
context of a Fed. R. Crim. P. 11(c)(1)(C) plea agreement.

Defendant Gregory Jordan was sentenced to 168 months' imprisonment pursuant to a Rule
11(c)(1)(C) agreement that proposed a base offense level of 31 and a Guidelines range of 135 to
168 months. The district court accepted the plea agreement, despite a discrepancy between the
parties' agreed-upon sentencing range and the range calculated by the district court. After both
ranges were subsequently lowered by the Sentencing Commission, Jordan moved for a reduced
sentence under § 3582(c)(2). The district court denied relief, concluding that Jordan's sentence was
not "based on" the Guidelines and he was thus ineligible for a sentence reduction. We hold, to the
contrary, that Jordan's sentence was "based on" the Guidelines for purposes of § 3582(c)(2).
Accordingly, he is eligible for relief. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and
remand.

I

In 2009, Jordan entered a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, pleading guilty to one count
of conspiracy to possess with the intent to distribute five kilograms or more of cocaine, in violation of
21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846, and 18 U.S.C. § 2. The agreement proposed a

CIRHOT                                         1

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the
restrictions and terms and conditions of the Matthew Bender Master Agreement.

Guidelines offense level of 31, for a sentencing range of 135 to 168 months' imprisonment. The agreement also stated that the parties were "of the belief that the proposed sentencing range [did] not offend the now advisory sentencing guidelines," and that "because [the] proposed sentence [was] sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties [were] not requesting imposition of an advisory guideline sentence."

At a change of plea hearing, the prosecutor affirmed that the parties' agreed-upon offense level "fairly and accurately represent[ed]" Jordan's particular offense, "pursuant to a plea with acceptance of responsibility coming into play." She further indicated her belief that Jordan had a criminal history category of III, resulting in a Guidelines range of 135 to 168 months. The court accepted Jordan's guilty plea, but reserved judgment on the plea agreement pending review of the presentence investigation report ("PSR").

In the PSR, there was a notable change from the plea agreement: it assessed a total offense level of 33, for a sentencing range of 168 to 210 months' imprisonment. This range was calculated based on a criminal history category of III and a finding that Jordan had conspired to possess and distribute fifteen kilograms of cocaine, resulting in a base offense level of 34. The PSR then added a two-point enhancement for possession of firearms and a three-level reduction for acceptance of responsibility. Neither party objected to the PSR.

At sentencing, the district court adopted the PSR in full, but also accepted the parties' plea agreement. A "small disparity" was acknowledged by the court between the sentencing range proposed in the agreement "and what the guidelines strictly applied would allow." The court then imposed a sentence of 168 months' imprisonment, reasoning that such a term was at "the low end of what the guideline range would otherwise have been," which it described as "an important factor." It also noted that the plea agreement and PSR differed as to the quantity of cocaine used in the calculations, and it agreed with the PSR's assessment of fifteen kilograms rather than the agreement's apparent assessment of ten kilograms. Final judgment was entered in October 2009.

On November 1, 2014, Guidelines Amendments 782 and 788 went into effect, retroactively lowering the base offense levels for certain drug quantities. The base offense level for fifteen kilograms of cocaine was reduced from 34 to 32, and the base offense level for ten kilograms of cocaine was reduced from 32 to 30. See U.S.S.G. § 2D1.1(c)(4) & (5) (Drug Quantity Table) (2014). Jordan subsequently filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), requesting a new sentence of 135 months. That motion was dismissed for lack of jurisdiction on the ground that Jordan was ineligible for a sentence reduction because his sentence was "based on" the parties' plea agreement and not the Sentencing Guidelines. Jordan timely appealed.

II

We review de novo the district court's dismissal for lack of jurisdiction under § 3582(c). United States v. Graham, 704 F.3d 1275, 1277 (10th Cir. 2013). Federal courts generally lack the authority to "modify a term of imprisonment once it has been imposed." § 3582(c). However, § 3582(c)(2) permits a district court to reduce a defendant's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and such a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." Under those policy statements, a court may reduce a defendant's sentence if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual." U.S.S.G. § 1B1.10(a)(1).

Our first step in determining whether Jordan is eligible for a sentence reduction is considering whether his sentence was "based on" a subsequently lowered Guidelines range. Because Jordan was

CIRHOT                                                              2

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

sentenced under a Rule 11(c)(1)(C) plea agreement, our analysis is directed by the Supreme Court's fragmented decision in Freeman v. United States, 564 U.S. 522, 131 S. Ct. 2685, 180 L. Ed. 2d 519 (2011). Pursuant to Justice Sotomayor's controlling concurrence,1 a term of imprisonment imposed under a Rule 11(c)(1)(C) plea agreement is "based on" the Guidelines if the agreement either "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or "provide[s] for a specific term of imprisonment . . . [and] make[s] clear that the basis for the specified term is a Guidelines sentence range applicable to the offense to which the defendant pleaded guilty." Freeman, 564 U.S. at 538-39 (Sotomayor, J., concurring in judgment).

Applying Freeman, the district court concluded that Jordan's sentence was not "based on" the Guidelines-and that he was consequently ineligible for a sentence reduction-for three reasons: (1) the plea agreement does not contain a "clear link" between the agreed-upon sentencing range and the Guidelines; (2) the agreement disclaims any connection to the Guidelines; and (3) the agreed-upon range was lower than the range applicable to Jordan as calculated by the PSR. We disagree and conclude that Jordan's sentence was "based on" the Guidelines within the meaning of § 3582(c)(2).

## A

If a Rule 11(c)(1)(C) agreement calls for a defendant to be sentenced within a particular Guidelines sentencing range, "the district court's acceptance of the agreement obligates the court to sentence the defendant accordingly, and there can be no doubt that the term of imprisonment the court imposes is 'based on' the agreed-upon sentencing range within the meaning of § 3582(c)(2)." Freeman, 564 U.S. at 538. Jordan's plea agreement stated: "The parties propose, as an appropriate disposition of the case, assessing a Guideline offense level of 31, for a sentencing range of 135 months to 168 months in prison . . . ." This proposed range plainly contemplates a sentence "based on" a particular Guidelines sentencing range and bound the district court upon its acceptance of the parties' plea agreement. See United States v. Leonard, 844 F.3d 102, 111 (2d Cir. 2016) ("[W]hen an 11(c)(1)(C) agreement thus expressly uses the Guidelines to identify the agreed-upon sentencing range, a district court's acceptance of the agreement and its imposition of the agreed-upon sentence satisfies the 'based on' requirement of § 3582(c)(2).").

Both the government and the district court suggest that the sentencing range in Jordan's plea agreement cannot be linked to the Guidelines because the agreement omits any reference to his criminal history category. But this omission is not dispositive. Because the terms of the agreement are clear that the proposed sentencing range comes from the Guidelines, there is no need for additional information. Moreover, Justice Sotomayor's concurrence contemplates that even if an agreement proposes a specific sentence rather than a range, the omission of certain sentencing variables does not necessarily preclude a court from holding that the stipulated sentence was based on the Guidelines. See Freeman, 564 U.S. at 542-43. Freeman's plea agreement, which called for a 106-month sentence, specified his offense level and criminal history category but not the applicable sentencing range. Id. Justice Sotomayor expressly rejected the dissent's contention that, in light of that missing information, there was no way of knowing that the proposed sentence was "based on" the Guidelines. Id. Looking to the Guidelines' sentencing table, she used the offense level and criminal history category in the plea to identify the applicable sentencing range and concluded it was "evident" that the agreement arrived at its proposed sentence using the Guidelines. Id.

We do not need to conduct a similar analysis in this case because Jordan's agreement calls for a sentencing range rather than a specific term of imprisonment; thus, the connection to the Guidelines is more apparent. However, we note that even if we were compelled to conduct such an analysis, the plea agreement contains sufficient information for us to confirm that the agreed-upon sentencing range was based on the Guidelines. An offense level of 31 and a Guidelines range of 135 to 168

CIRHOT                                                      3

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

months correspond to a criminal history category of III. This is consistent with the PSR's determination of Jordan's criminal history category, as well as the parties' representations at the change of plea hearing. It is therefore "evident" that the plea agreement, and Jordan's subsequent sentence, was based on a Guidelines sentencing range.2

The district court reached the opposite conclusion after identifying cases in which the omission of particular sentencing variables from a plea agreement precluded a determination that the defendant's sentence was based on the Guidelines. However, those cases involved plea agreements proposing a specific term of imprisonment rather than a Guidelines sentencing range. Accordingly, those authorities do not control the outcome of this case. Moreover, they are distinguishable from Freeman in that the parties' plea agreements stipulated to a sentence without providing either the applicable Guidelines range or enough additional information, such as criminal history category or offense level, to make "evident" that the agreements were based on the Guidelines. See, e.g., United States v. Jones, 634 F. App'x 649, 651-53 (10th Cir. 2015) (unpublished) (plea agreement stipulated to 105-month sentence without stating sentencing range or criminal history category); Graham, 704 F.3d at 1278-79, 1278 n.5 (plea agreement not reduced to writing and merely stipulated to 25-year sentence); United States v. Austin, 676 F.3d 924, 930 (9th Cir. 2012) (plea agreement provided for 17-year term without including sentencing range or criminal history category), overruled on other grounds by Davis, 825 F.3d at 1022; United States v. Rivera-Martinez, 665 F.3d 344, 345-46, 349-50 (1st Cir. 2011) (plea agreement imposed 240-month sentence but said nothing about sentencing range or criminal history category).

**B**

Our conclusion that Jordan was sentenced based on the Guidelines for purposes of § 3582(c)(2) is not altered by a provision in the plea agreement stating that the parties are not requesting imposition of an advisory Guidelines sentence. In interpreting a plea agreement, we must consider the agreement as a whole and construe it in a manner reflecting what the defendant reasonably understood when he entered the plea. See United States v. Veri, 108 F.3d 1311, 1313-14 (10th Cir. 1997) (disregarding provision that ran contrary to meaning of plea agreement "[w]hen read from beginning to end"). Considering Jordan's agreement as a whole, we conclude that its inclusion of both a disclaimer of reliance on the Guidelines and an express reference to a Guidelines sentencing range renders the agreement ambiguous. Because ambiguities in plea agreements are construed against the government, see United States v. Guzman, 318 F.3d 1191, 1195 (10th Cir. 2003), the mere presence of the disclaimer provision is not conclusive.

Other cases addressing the effect of similar disclaimer provisions are distinguishable because they involved plea agreements stipulating to specific sentences without reference to a Guidelines range. Thus, because the link between the stipulated sentence and the Guidelines was somewhat more tenuous, the disclaimer provision did not create the same ambiguity that it does in this case. See, e.g., United States v. Dozal, 644 F. App'x 851, 853 (10th Cir. 2016) (unpublished); United States v. Falcon-Sanchez, 622 F. App'x 766, 767 (10th Cir. 2015) (unpublished); United States v. Price, 627 F. App'x 738, 741-42 (10th Cir. 2015) (unpublished). Further, none of these cases concluded that the disclaimer provision is dispositive of a defendant's eligibility for § 3582(c) relief; instead, each correctly treated the presence of the disclaimer as merely one factor to be considered in determining whether the stipulated sentence was based on the Guidelines.

**C**

The final issue is whether a sentencing range proposed in a plea agreement can be "based on" the Guidelines if that range differs from the one calculated by the district court. In this case, the district court adopted the PSR, which calculated Jordan's sentencing range as 168 to 210 months. In

CIRHOT                                                     4

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

contrast, Jordan's plea agreement provided for a range of 135 to 168 months. Relying on this discrepancy, the government argues, and the district court agreed, that the sentencing range used in the plea agreement was not the range "applicable to" Jordan's offense, and that consequently, Jordan was not sentenced "based on" the Guidelines.

As stated supra, a defendant is eligible for a § 3582(c)(2) sentence reduction if two requirements are satisfied: (1) the original sentence is "based on" a subsequently-lowered Guidelines range; and (2) a reduction would be consistent with the applicable policy statement, which permits a reduction if "the guideline range applicable to" the defendant has been lowered. U.S.S.G. § 1B1.10(a)(1). The commentary to § 1B1.10(a) further defines the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category [determined by the district court] . . . before consideration of any departure provision . . . or . . . variance." § 1B1.10 cmt. n.1(A). The government conflates these two prongs, arguing that the "based on" requirement can only be satisfied in the Rule 11(c)(1)(C) context if the defendant's sentence is "based on" a Guidelines range that is also "applicable to" his offense. We disagree that these two inquiries must necessarily be the same.

In cases that did not involve Rule 11(c)(1)(C) agreements, this court has stated that the phrases "based on" and "applicable to" reflect the same inquiry for purposes of § 3582(c)(2). See United States v. Darton, 595 F.3d 1191, 1194 (10th Cir. 2010); United States v. Dryden, 563 F.3d 1168, 1170-71 (10th Cir. 2009). Yet the Rule 11(c)(1)(C) context is unique. As Justice Sotomayor explained in Freeman, "it is the parties' agreement that controls in the (C) agreement context." 564 U.S. at 542 n.8. Thus, "even if the District Court had calculated the range differently than the parties, [a defendant] would still be eligible for resentencing as long as the parties' chosen range was one that was subsequently lowered by the Sentencing Commission." Id. (citation, quotation, and ellipsis omitted).3

Relying on this statement in Freeman, both the Second and the Sixth Circuits have held that a term of imprisonment imposed pursuant to a Rule 11(c)(1)(C) plea agreement can be "based on" the Guidelines for purposes of § 3582(c)(2), even if the parties' agreed-upon sentencing range differs from the range calculated by the district court. See Leonard, 844 F.3d at 111-12; United States v. Smith, 658 F.3d 608, 612-13 (6th Cir. 2011). We agree.4 Despite the discrepancy in this case between the parties' agreed-upon sentencing range and the range calculated by the district court, we conclude that Jordan satisfies the "based on" requirement of § 3582(c)(2) because his plea agreement expressly proposes a Guidelines sentencing range.5

III

We also conclude that the second requirement for § 3582(c)(2) eligibility-that a sentence reduction be consistent with the applicable policy statement, which requires a showing that the Guidelines range "applicable to" Jordan has been lowered-is met. In so holding, we need not determine whether the range "applicable to" Jordan is the range proposed in the parties' plea agreement or the one calculated by the PSR, because both ranges were subsequently lowered by Amendment 782 to the Guidelines. In addition, neither party has specifically briefed the issue, and Jordan appears to concede that the "applicable" range is the range calculated by the district court. His § 3582(c)(2) motion requests a reduced sentence of 135 months-the low end of the PSR's proposed range, as subsequently amended. And he asks us to adopt the reasoning of Leonard, which held that the range "applicable to" the defendant was the range independently calculated by the district court before acceptance of the plea agreement. See 844 F.3d at 116.6 Accordingly, for purposes of determining the extent of the sentence reduction for which Jordan is eligible on remand, we assume without deciding that the approach in Leonard is correct and that the Guidelines range applicable to Jordan's

CIRHOT                                          5

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

offense is the range identified in the PSR, as subsequently lowered by Amendment 782. But see Smith, 658 F.3d at 613 (concluding prior to the § 1B1.10 commentary discussed in Leonard that the Guidelines range "applicable to" the defendant was the range provided in the plea agreement).

In making this assumption, we reject the suggestion that Jordan is ineligible for relief simply because his applicable Guidelines range, as amended, is identical to the agreed-upon range under which he was originally sentenced. This may affect the district court's ultimate determination as to whether Jordan is entitled to a sentence reduction; however, as long as Jordan could receive a lower sentence under the amended Guidelines, this fact does not bear on the court's jurisdiction to hear Jordan's motion in the first instance. See Freeman, 564 U.S. at 541 ("[i]n cases where the Government believes that even the limited sentence reduction authorized by § 3582(c)(2) and USSG § 1B1.10 improperly benefits the defendant, it can argue to the district court that the court should not exercise its discretion under the statute to reduce the sentence."); Leonard, 844 F.3d at 116 ("[W]e do not know what weight the district court gave the initial applicable Guidelines range in granting the variance reflected in the parties' agreed-to lower range. Thus, we cannot be certain that if the district court were presented with a lower applicable range equal to the agreed-to range, it would not sentence at the lower end of the range.").

## IV

For the foregoing reasons, the district court's dismissal of Jordan's § 3582(c)(2) motion is **REVERSED**. We **REMAND** to the district court to determine whether, consistent with the principles announced herein, Jordan should receive a reduced sentence under 18 U.S.C. § 3582(c)(2).

### Footnotes

\*

1

This circuit has previously determined that Justice Sotomayor's concurrence offers the narrowest grounds for the Court's decision and therefore controls. Graham, 704 F.3d at 1278. Jordan suggests this court should revisit that conclusion in light of recent decisions by the Ninth and D.C. Circuits adopting the plurality's approach in Freeman. See United States v. Davis, 825 F.3d 1014, 1026 (9th Cir. 2016); United States v. Epps, 707 F.3d 337, 350-51, 404 U.S. App. D.C. 39 (D.C. Cir. 2013). However, "[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." In re Smith, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam).

2

We further reject the government's contention that the plea agreement was required to specify the drug quantity attributable to Jordan. Again, the parties' sentencing calculations are supported by the sentencing factors identified in the plea agreement, as well as the agreement's factual basis, which suggests a finding that Jordan conspired to obtain ten kilograms of cocaine. At the time of Jordan's sentencing, that quantity of cocaine corresponded to a base offense level of 32. See U.S.S.G. § 2D1.1(c)(4) (2008). After the parties' agreed-upon two-level increase for possession of a firearm and three-level reduction for acceptance of responsibility, Jordan's total offense level would be 31, as reflected in the plea agreement.

3

We note that the issue presented in this case was not before the Court in Freeman because there was no discrepancy between the district court's sentencing calculations and the sentence proposed

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

by the parties. See id. at 527 (plurality op.).

4

In United States v. White, 765 F.3d 1240 (10th Cir. 2014), we reaffirmed Darton and Dryden post-Freeman. Id. at 1248-49. But as in both Darton and Dryden, White did not involve a Rule 11(c)(1)(C) plea agreement, and the decision makes clear that it is affirming the prior cases only in the non-Rule 11(c)(1)(C) context. Id. at 1249 ("In so holding, we note that every circuit to consider Freeman's effect on its non-(c)(1)(C) 'based on' jurisprudence has agreed." (emphasis added)).

Notably, the issue in White was whether a defendant was sentenced "based on" a subsequently-lowered Guidelines range for purposes of a § 3582(c) reduction when he was subject to a mandatory minimum sentence but the district court relied on the Guidelines to apply a discretionary upward variance. Id. at 1241, 1245. Accordingly, the conclusion in White, that a defendant's sentence is "based on" the range produced under a correct Guidelines calculation and prior to any discretionary departures, was intended to clarify only that a defendant is not eligible for a sentence reduction if the Guidelines were relied upon solely to calculate a discretionary upward departure. It therefore does not control our analysis in this case.

5

Because we have determined that the sentencing range in the parties' plea agreement was "based on" the Guidelines, we do not address Jordan's alternative argument that he was sentenced based on the sentencing range identified in the PSR.

6

In determining that the "applicable" range for purposes of the Guidelines policy statement is the range independently calculated by the district court, not the range agreed upon by the parties, the Second Circuit relied on the post-Freeman commentary to § 1B1.10, discussed supra. See Leonard, 844 F.3d at 112-17. Citing this commentary, Leonard concluded that "when a district court accepts an 11(c)(1)(C) sentence or sentencing range that is lower than its calculated Guidelines range, what the court effectively does is grant a departure or variance." Id. at 113. The Second Circuit affirmed the authority of courts to grant such a variance, while stating that the acceptance of a parties' plea agreement "does not transform the lower agreed-upon range into the applicable Guidelines range." Id. at 113-14. Accordingly, although both the 97-to-121-month sentencing range in the plea agreement and the 121-to-151-month range calculated by the district court in Leonard were subsequently lowered by Guidelines Amendments, the district court was only authorized to reduce Leonard's sentence to the low end of the latter range, as amended-i.e., the range "applicable to" his offense. Id. at 116.

CIRHOT                                                    7

© 2017 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

BP-S757.013 INMATE REQUEST FOR CERTIFICATION OR JUDICIAL NOTICE OF
AUG 02     PRESENTENCE REPORT AND/OR STATEMENT OF REASONS   CDFRM
U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

TO THE CLERK OF COURT: This form is filed as an ATTACHMENT to my pleading in the
following current cause of action or appeal (indicate current case caption, docket no.,
judicial district, etc.): Request Appointment of Counsel, Pursuant To 18 U.S.C. §3006 A of
The Criminal Justice Act; To effectively apply for Two Point sentence reduction, Pursuant To
Retroactive Amendment 782 U.S.S.G. §2D1.1/(18 USC §3582(c)(2).

My current cause of action or appeal is (check all that apply):

_____   A direct appeal of my original criminal conviction or sentence (filled with the
        U.S. Court of Appeals);

_____   An original petition for writ of habeas corpus pursuant to title 28 USC §2255, or
        appeal of its denial, regarding my criminal conviction or sentence (filled with
        sentencing court or U.S. Court of Appeals); or

__X__   Other, e.g., §2241 habeas petition; Privacy Act of 1974 (5 USC §552a), etc.
        (describe): Retroactive Amendment 782 U.S.S.G. §2D1.1 - 18 U.S.C. §3582(c)(2)

As part of my current cause of action or appeal, I request the court consider my Pre-
Sentence Report (PSR) and Judgement (including Statement of Reasons (SOR)), where
necessary, from my underlying criminal case, described as follows (indicate underlying
criminal case caption, docket no., judicial district, sentencing judge and date, etc.):

This form is for informational and notification purposes, and is not intended to create
a new procedural requirement for inmates, courts, or clerks.

Respectfully submitted:

| Inmate Signature | Inmate Printed Name |
| --- | --- |
|  | Rodriguez, Gilbert |

| Reg. No. | Date Signed | Institution Address |
| --- | --- | --- |
| 16802-081 | July 13, 2020 | Federal Correctional Institution (FCI) Terminal Island P.O. Box 3007 San Pedro, CA 90733 |

**DIRECTIONS TO INMATE:** The Bureau of Prisons prohibits inmates from possessing
copies of their Presentence Reports (PSR) or Statement of Reasons (SOR) from criminal
judgements.  This form is for you to **ATTACH** to any court action where, as part of
your cause of action or appeal, you request the court to consider your PSR or SOR.
Complete this form as indicated, and submit it as an **ATTACHMENT** to your pleading to
the court considering your current cause of action or appeal.  This form is not a
pleading, but an **ATTACHMENT** requesting the court obtain and consider your PSR and/or
SOR when needed.  You only need this form when your cause of action involves the PSR
or SOR.  Be sure to indicate in your pleading the specific part(s) of the PSR or SOR
you believe relevant to your case.

(This form may be replicated via WP)

# FINANCIAL AFFIDAVIT

CJA 23
(Rev. 11/11)

IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER SERVICES WITHOUT PAYMENT OF FEE

IN THE UNITED STATES ☒ DISTRICT COURT ☐ COURT OF APPEALS ☐ OTHER *(Specify below)*

IN THE CASE OF

UNITED STATES v. Rodriguez

FOR
UNITED STATES DISTRICT COURT
AT
DISTRICT OF UTAH

LOCATION NUMBER

PERSON REPRESENTED *(Show your full name)*
Gibert Rodriguez, Fed.Reg.#16802-081 "PRO SE"

| | |
|---|---|
| 1 ☐ Defendant - Adult | |
| 2 ☐ Defendant - Juvenile | |
| 3 ☒ Appellant | |
| 4 ☐ Probation Violator | |
| 5 ☐ Supervised Release Violator | |
| 5 ☐ Habeas Petitioner | |
| 7 ☐ 2255 Petitioner | |
| 8 ☐ Material Witness | |
| 9 ☒ Other *(Specify)* Appointment of Counsel | |

DOCKET NUMBERS

Magistrate Judge

District Court
2:10-cr-00015-DAK

Court of Appeals

CHARGE/OFFENSE *(describe if applicable & check box→)* ☒ Felony ☐ Misdemeanor
21 U.S.C. §846, §841(a)(1), §841(b)(1)(A),
and 18 U.S.C. §2
18 U.S.C. 3006A; Retroactive Amendment 782

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

### INCOME & ASSETS

**EMPLOYMENT**

Are you now employed? ☐ Yes ☒ No ☐ Self-Employed

Name and address of employer: Federal Bureau of Prisons (Inmate wages)

IF YES, how much do you earn per month? $ _____

IF NO, give month and year of last employment? _____
How much did you earn per month? $ 42.00

If married, is your spouse employed? ☐ Yes ☐ No

IF YES, how much does your spouse earn per month? $ N/A

If you are a minor under age 21, what is the approximate monthly income of your parent(s) or guardian(s)? $ _____

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☒ No

IF YES, give the amount received and identify the sources

RECEIVED
$ N/A
$ N/A
$ N/A

SOURCES
_____
_____
_____

**CASH**

Do you have any cash on hand or money in savings or checking accounts? ☐ Yes ☐ No   IF YES, total amount? $ _____

**PROPERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☒ No

IF YES, give value and description for each

VALUE
$ _____
$ _____
$ _____

DESCRIPTION
_____
_____
_____

### OBLIGATIONS & DEBTS

**DEPENDENTS**

MARITAL STATUS
✗ Single
☐ Married
☐ Widowed
☐ Separated or Divorced

Total No. of Dependents _____

List persons you actually support and your relationship to them
1
_____
_____
_____

**DEBTS & MONTHLY BILLS**
*(Rent, utilities, loans, charge accounts, etc.)*

| DESCRIPTION | TOTAL DEBT | MONTHLY PAYMENT |
|---|---|---|
| N/A | $ | $ |
| " | $ | $ |
| " | $ | $ |
| " | $ | $ |

I certify under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF DEFENDANT
*(OR PERSON REPRESENTED)*

Date 7/20/20

## PROOF OF SERVICE

I, _Todd Anthony Hernandez_ , am over the age of eighteen
years and I am **not** a party to this action.  I hereby certify
that on this _23rd_ day of _July_ , 20_19_, that I sent
first class postage prepaid, or other delivery charges prepaid,
by depositing said documents herein-listed with prison authorities
at the Mail Room of the Federal Correctional Institution at
Terminal Island, for mailing through the United States Postal
Service, pursuant to Houston v. Lack, 487 U.S. 266, 270-271,
108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a Pro Se
prisoner's filing was deemed filed on the date of delivery to
prison authorities for filing with the court), mailing copies of
the foregoing:


to the following individuals and/or entities:
Federal Defender's
District of Utah
American tower Plaza
46 West Broadway, Suite 110
Salt lake city, UT 84101


I certify under the penalty of perjury that the foregoing
is true and correct, pursuant to 28 U.S.C. §1746 of the United
States Code.

Fed. Reg. No. 82492-112
Federal Correctional Institution
Terminal Island
Post Office Box #3007
San Pedro, California 90731-0702

## CERTIFICATE OF SERVICE

I, Gilbert Rodriguez, federal registration number 16802-081 am the concerned federal prisoner

in this cause and I certify that a true and correct copy of the foregoing document(s) have been served

upon the following to there last known address via institution legal mailing system pursuant to the

mail box rule. See Houston v. Lack, 487 U.S. 266 (1988).

U.S. POSTAGE PRE PAID TO:

OFFICE OF THE CLERK
U.S. DISTRICT COURT,
DISTRICT OF UTAH
351 S. West Temple 1-100
Salt lake City, UT  84101

**ATTENTION CLERK**
COULD YOU PLEASE PROVIDE A
COPY OF THE FOREGOING
DOCUMENT(S) TO THE OFFICE
OF THE ASSISTANT U.S. ATTORNEY
OF JURISDICTION, VIA ELECTRONIC
FILING SYSTEM. Thank You !

SERVED, THIS THE ___5___ DAY OF OCTOBER, 2020; FROM (FCI) TERMINAL ISLAND,

CALIFORNIA. 90731.

Respectfully submitted,

Gilbert Rodriguez, #16802-081
Federal Correctional Institution
(FCI) Terminal Island; P.O. Box 3007
San Pedro, CA  90733

cc personal legal file