IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>GILBERT RODRIGUEZ,<br><br>      Defendant, | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 1:10-CR-15-DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2). The parties have fully briefed the motion, and the court concludes that oral argument would not significantly aid in its determination of the motion. The court, therefore, enters the following Memorandum Decision and Order based on the parties' submissions and the law and facts relevant to Defendant's motion.

      A federal district court has limited jurisdiction to modify a term of imprisonment once it has been imposed. *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir.1997). Section 3582(c)(2), however, allows a district court to modify a sentence when it has sentenced a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and the Sentencing Commission makes the amendment retroactive. 18 U.S.C. § 3582(c)(2); *Hughes v. United States*, 138 S. Ct. 1765, 1773 (2018).

      In 2014, the Sentencing Commission issued Amendment 782 to the United States Sentencing Guidelines, granting a two-level reduction in certain drug offense levels, and

Amendment 788 making that change retroactive.  The parties agree that this reduction would have applied to Defendant if he had entered into a typical plea agreement.  But they disagree as to whether Defendant's Rule 11(c)(1)(C) plea agreement allows him retroactive relief from his sentence.

In 2011, Defendant entered into a Rule 11(c)(1)(C) plea agreement, agreeing to a 180-month sentence.  Defendant's base offense level was 36, based on the weight of the drugs involved, which was reduced by 3 levels for acceptance of responsibility for a total offense level of 33.  Combined with a criminal history category IV, Defendant's Guideline range would have been 188-235 months. His plea agreement, therefore, provided him with a sentence eight months below the applicable Guideline range. After Amendment 782's retroactive two-level reduction, however, his new Guideline range would be 151-188 months.

In 2015, Defendant previously sought a reduction in his sentence under Amendment 782. This court denied his previous motion under *Freeman v. United States*, 564 U.S. 522 (2011). The Tenth Circuit essentially upheld that denial but instructed the court to dismiss the motion for lack of jurisdiction because Defendant was not entitled to relief under § 3582.  The Tenth Circuit also applied *Freeman*, specifically Justice Sotomayor's concurrence because there was no court majority and her concurrence was the narrowest grounds of decision.  The Tenth Circuit agreed with this court that under the Sotomayor standard in *Freeman* Defendant's plea agreement was not "based" on the Guidelines and he could not get retroactive relief.

Defendant's present motion, however, is based on the new standard expressed in *Hughes v. United States*, 138 S. Ct. 1765 (2018).  In *Hughes*, the Court formed a majority and clarified that the proper standard is to grant Defendants who entered into Rule 11(c)(1)(C) plea agreements retroactive relief under § 3582(c)(2) as long as the Guidelines range was "a relevant

2

part of the analytic framework the judge used to determine the sentence or to approve the agreement." *Id.* at 1775. The Court recognized that "a sentence imposed pursuant to a Type-C agreement is no exception to the general rule that a defendant's Guidelines range is both the starting point and a basis for his ultimate sentence." *Id.* at 1776. "The Sentencing Guidelines prohibit district courts from accepting Type-C agreements without first evaluating the recommended sentence in light of the defendant's Guidelines range." *Id.* Therefore, "in the usual case the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range." *Id.* While recognizing that the "usual case" will be "based on" the defendant's Guidelines range, the Court also explained that there will be narrow exceptions where there is a "clear demonstration, based on the record as a while, that the court would have imposed the same sentence regardless of the Guidelines." *Id.*

In this case, the United States argues that this is one of those narrow exceptions because the Tenth Circuit has already found that Defendant's plea agreement was not based on his Guidelines range. But such a view ignores the fact that the Tenth Circuit made that finding using the Sotomayor standard from *Freeman*. Analyzing the case under the *Hughes* standard, the court concludes that Defendant's plea agreement was the usual type of 11(c)(1)(C) plea agreement, which used Defendant's Guidelines range as a foundational framework for the eventually agreed upon sentence. Defendant's 180-month sentence was only slightly under the low-end of the applicable Guidelines range and was clearly a compromise reached in relation to the applicable Guidelines range. The plea agreement itself recognizes that the court had to consider the Guidelines in determining Defendant's sentence. The transcript of the sentencing hearing, where the court had to accept the plea agreement, makes clear that the parties were assuring the court

3

that the 180-month sentence was appropriate in relation to the applicable 188-235 months range. The court's comment that 180 months was a long sentence was intended to mean that 180 months was adequately long in relation to the applicable Guidelines range. This court would not have sentenced Defendant to a sentence as long as 180 months absent a Guidelines range of 188-235 months. Under *Hughes*, therefore, the court believes that Defendant is entitled to Amendment 782's two-level reduction. Applying that reduction retroactively, Defendant's new applicable Guidelines range is 151-188 months

The United States further argues that even if Defendant is eligible for relief under Amendment 782, the court should not reduce Defendant's sentence in light of the factors set forth in § 3553(a). The court's review of the § 3553(a) factors, however, does not demonstrate anything that would preclude Defendant from the two-level reduction. The court recognizes that Defendant's original 180-month sentence is within the new applicable Guidelines range. However, there is nothing in Defendant's offense conduct or background that would suggest to the court that Defendant should not be sentenced at the low end of the applicable Guidelines range. The parties and court previously believed that it was appropriate for the court to sentence Defendant below the applicable Guidelines range. Defendant's exemplary conduct while he has been incarcerated indicates that such a belief was warranted and supports a low-end sentence within the new applicable Guidelines range.

Based on the above reasoning, and taking into account the policy statements set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, the court concludes that Defendant is entitled to the retroactive two-level offense level reduction in Amendment 782, his new applicable Guidelines range is 151-188 months, and the appropriate sentence within that range is 151 months. Therefore, Defendant's Motion for

Reduction of Sentence [ECF No. 118] is **GRANTED** and Defendant's previously imposed sentence of imprisonment of 180 months is **reduced to 151 months**.

Given the good time credit Defendant has earned with the Bureau of Prisons, if this 151-month sentence is less than the amount of time Defendant has already served, the sentence is reduced to TIME SERVED.  If Defendant's sentence is reduced to time served, this Order is STAYED FOR UP TO FOURTEEN DAYS to verify Defendant's place of residence upon release, establish a release plan, make appropriate travel arrangements, and ensure Defendant's safe release.[1]  As soon as practicable, Defendant must provide the complete address where he will reside upon release to the United States Probation Office in the district where he will be released.  There shall be no delay in making an appropriate release plan and release arrangements.  If more than fourteen days are needed to ensure an appropriate release plan or arrangements, the parties shall immediately notify the court and provide cause as to why the stay should be extended.

DATED this 21st day of December, 2020.

BY THE COURT:

_Dale A. Kimball_
DALE A. KIMBALL,
United States District Judge

---

[1] The court is mindful that Defendant's son recently passed away.  But the court also recognizes that Defendant's safe and orderly release must be paramount.

5